# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

SAND CREEK PARTNERS, LTD, *et al.*,

        Plaintiffs,

vs.

AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION OF COLORADO, *et al*.,

        Defendants.

Case No. 2:14–cv–444–GMN–VCF

**ORDER**

This matter involves the Cadle Company's post-judgment execution proceeding against Larry Bortles. Before the court are the Cadle Company's Renewed Motion to Compel (#29[1]) and Plaintiffs' Motion to Withdraw as Counsel (#31). A hearing on the motion to compel (#29) was held on April 14, 2015. Relevance and privilege objections are overruled. For the reasons stated below, the Cadle Company's Renewed Motion to Compel (#29) and Plaintiffs' Motion to Withdraw as Counsel (#31) are granted.

**Discussion:**

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The Cadle Company's Renewed Motion to Compel (#29) was filed on February 20, 2015. An opposition was due March 9, 2015. To date, no response has been filed. This constitutes consent to the granting of the motion.

---

[1] Parenthetical citations refer to the court's docket.

1

Local Rule IA 10-6 provides that "no withdrawal . . . shall be approved if delay of discovery, the trial or any hearing in the case would result." No opposition has been filed to the Motion to Withdraw As Counsel. Plaintiff Larry Bortles has consented to the withdrawal of counsel. Here, Mr. Cobeaga has given sufficient reason to withdraw as counsel of record for Plaintiffs. Permitting Mr. Cobeaga to withdraw would not result in delay. LR 10-6. At the hearing, Mr. Cobeaga indicated that he is withdrawing as counsel for all plaintiffs and not just for Plaintiff Bortles. The addresses of Sand Creek Partners, Ltd. and William L. Bergman are not listed on the motion to withdraw. Mr. Cobeaga must mail a copy of this order to Sand Creek Partners, Ltd. and William L. Bergman.

Sand Creek Partners, Ltd. is a corporation. Although individuals may represent themselves, a corporation is not permitted to appear in Federal Court unless it is represented by counsel. *U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). The Court thus advises Plaintiff Sand Creek Partners, Ltd. that it may not proceed *pro se*, because corporations must be represented by counsel.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiffs' Motion to Withdraw as Counsel (#31) is GRANTED. Counsel, Mitchell Cobeaga, Esq. and John George, Esq., and The Cobeaga Law Firm, may withdraw from this case upon transfer of their file or a complete copy thereof to their clients.

IT IS FURTHER ORDERED that Plaintiff Sand Creek Partners, Ltd. has until May 15, 2015 to retain new counsel who must file a notice of appearance in accordance with the Local Rules of Practice. Failure to comply with this order may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions.

IT IS FURTHER ORDERED that Plaintiffs Larry Bortles and William L. Bergman must either retain counsel or file a notice of appearing *pro se* within 30 days from the entry of this order.

IT IS FURTHER ORDERED that Mr. Cobeaga must mail a copy of this Order to Sand Creek Partners, Ltd. and William L. Bergman.

The Clerk of Court is directed to serve a copy of this Order on

Larry Bortles
191 Grand Meadow Crescent
NW, Edmonton, Alberta T6L 1X1


Sand Creek Partners, Ltd.
c/o Larry Bortles
191 Grand Meadow Crescent
NW, Edmonton, Alberta T6L 1X1


William L. Bergman
c/o J. Mitchell Cobeaga, Esq.
The Cobeaga Law Firm
550 E. Charleston Blvd., Ste. D
Las Vegas, Nevada 89104


IT IS FURTHER ORDERED that the Cadle Company's Renewed Motion to Compel (#29) is GRANTED.

IT IS FURTHER ORDERED that on or before 4:00 p.m., May 21, 2015, Plaintiffs must produce every documents in their possession, custody or control, as follows:

1. FMP property sale offers or options to purchase dating back 5 years;

2. Sale documents showing the buyer and purchase price for each of the 11 FPP real property lots sold in 2013;

3. Ledgers showering all allegedly current limited partners and their alleged partnership interest in FMP;

4. Ledgers showing all allegedly current limited partners and their alleged partnership interest in FPP;

5. Any amendments to the FMP Partnership Agreement;

6. Any amendment to the FPP Partnership Agreement; and,

7. Signature by Mr. Bortles on IRS Schedule K-1 form or other appropriate tax forms in lieu of providing tax returns for FPP and FMP which Mr. Bortles claimed were filed.

IT IS FURTHER ORDERED that on or before 4:00 p.m., April 21, 2015, Plaintiffs must pay Adams Law Group, Ltd. $1,505.00 for fees incurred in obtaining this order.

IT IS FURTHER ORDERED that on June 2, 2015 at 9:00 a.m. PST, Mr. Bortles must appear at his continued deposition via video conference or by telephone and provide testimony answering specific questions as to the sale and location of sales proceeds of the FPP 11 lots.

IT IS SO ORDERED.

DATED this 15th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE