**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| SAND CREEK PARTNERS, LTD. *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN FEDERAL SAVINGS & LOAN ASSOCIATION OF COLORADO, *et al.*, <br><br> Defendants. | Case No. 2:14–cv–444–GMN–VCF <br><br> **REPORT & RECOMMENDATION** <br><br> MOTION FOR CONTEMPT (#44) |

This matter involves the Cadle Company's post-judgment execution proceeding against Larry Bortles. On April 15, 2015, the court order Mr. Bortles to produce documents in connection with Mr. Bortles' judgment-debtor exam, pay a sanction for his violation of a prior court order, and provide responsive answers to the Cadle Company's post-judgment discovery requests. Despite notice and an opportunity to be heard, Mr. Bortles has failed to comply with the court's order. The Cadle Company now requests an order holding Mr. Bortles in contempt as well as a bench warrant for his arrest. *See* (Doc. #44). The motion should be granted.

**LEGAL STANDARD**

A magistrate judge's civil-contempt power is governed by 28 U.S.C. § 636(e). *Aldridge v. Young*, 782 F. Supp. 1457, 1458 (D. Nev. 1991). The statute states that where,

> the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii) (2013). The assigned district judge then hears the evidence to determine whether the conduct warrants punishment. The district judge may impose contempt sanctions in the same manner and to the same extent as for a contempt committed before the district judge himself. *See id.*; *see also In re Kitterman*, 696 F. Supp. 1366, 1370 (D. Nev. 1988).

"A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). The movant bears the burden of showing by clear and convincing evidence that the nonmoving party violated a specific and definite order of the court. *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). If the moving party satisfies its burden of production, the burden then shifts to the nonmoving party to demonstrate why compliance could not be achieved. *Id.*

While contempt "need not be willful," a party should not be held in contempt if their actions "appear to be based on good faith and a reasonable interpretation of the court's order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A finding of contempt is not appropriate where the contemnors have taken "all reasonable steps" to comply with the court's order. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992).

## DISCUSSION

The Cadle Company demonstrated by clear and convincing evidence that Mr. Bortles has refused to comply with the court's orders and that he should be held in contempt. The court has entered several orders regarding Mr. Bortles' obligations to produce documents and answer questions at his judgment-debtor exam. *See* (Docs. #12, #28, #36).

The latest order was entered on April 15, 2015. It required Mr. Bortles to (1) retain new counsel or file a notice that Mr. Bortles will appear *pro se* and pay a Rule 37 sanction in the amount of $1,505.00. The order also required Mr. Bortles to produce certain documents, including (1) FMP property sale offers

or options to purchase dating back 5 years, (2) sale documents showing the buyer and purchase price for each of the 11 FPP real property lots sold in 2013, (3) ledgers showering all allegedly current limited partners and their alleged partnership interest in FMP, (4) ledgers showing all allegedly current limited partners and their alleged partnership interest in FPP, (5) any amendments to the FMP Partnership Agreement, (6) any amendment to the FPP Partnership Agreement, and (7) signature by Mr. Bortles on IRS Schedule K-1 form or other appropriate tax forms in lieu of providing tax returns for FPP and FMP which Mr. Bortles claimed were filed.

To date, Mr. Bortles has failed to comply with the court's orders. Additionally, during a telephonic judgment-debtor exam, Mr. Bortles re-asserted objections to the Cadle Company's questions, which the court has already overruled. This constitutes contempt of court.

Therefore, the court should enter an order requiring Mr. Bortles to comply with the court's April 15, 2015 order, pay monetary the sanctions previously awarded, and issue a bench warrant for his arrest. The court's power of civil contempt includes the power to issue a bench warrant for a contemnor's arrest. *See Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMEDED that the Cadle Company's Motion to Find Larry Bortles in Contempt of Court (#44) be GRANTED.

IT IS FURTHER RECOMMEDED that the court order Larry Bortles to comply with the court's April 15, 2015 order; enter monetary sanctions against Larry Bortles for his contempt of court; and issue a bench warrant for his arrest.

IT IS SO RECOMMENDED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE