**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAND CREEK PARTNERS, LTD, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AMERICAN FEDERAL SAVINGS AND ) <br> LOAN ASSOCIATION OF COLORADO, *et* ) <br> *al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:14-cv-00444-GMN-VCF <br><br> **ORDER ACCEPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE FERENBACH** |

Pending before the Court is the Report and Recommendation ("R&R") (ECF No. 48) of United States Magistrate Judge Cam Ferenbach entered on September 15, 2015, to which Plaintiff Larry Bortles ("Plaintiff") filed an Objection (ECF No. 37).  Judgment creditor, Cadle Company, Inc. ("Cadle Company"), filed a Response (ECF No. 55), and Plaintiff filed a Reply (ECF No. 57).

As discussed by Judge Ferenbach, Plaintiff has repeatedly refused to comply with orders of the Court. (R&R 2:18–21).  Based on Plaintiff's failures to comply, Judge Ferenbach recommends that the Court: (1) grant Cadle Company's unopposed Motion to Find Plaintiff in Contempt of Court (ECF No. 44) ("Motion"); (2) order Plaintiff to comply with the Court's April 15, 2015 Order (ECF No. 36) by producing documents in connection with Plaintiff's judgment-debtor exam; (3) enter monetary sanctions against Plaintiff; and (4) issue a bench warrant for Plaintiff's arrest. (*Id.* 3:19–21).  Following entry of the R&R, Plaintiff filed a piecemeal Response to the Motion on September 30, 2015 (ECF No. 51), October 1, 2015 (ECF No. 52), and October 5, 2015 (ECF No. 54).

A party may file specific written objections to the findings and recommendations of a

1  United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
2  D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo
3  determination of those portions of the Report to which objections are made. *Id*.  The Court may
4  accept, reject, or modify, in whole or in part, the findings or recommendations made by the
5  magistrate judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

   In his Objection, Plaintiff admits his "refusal to respond to several inquiries," but argues that he "relied on advice of counsel in refusing to [produce certain documents]" as required by the April 15, 2015 Order. (Pls.' Obj. 3:21, 5:4–6, ECF No. 53).  Further, Plaintiff states without further explanation that he "is not in the position to pay [the $1,105] sanction" pursuant to the April 15, 2015 Order. (*Id.* 4:5–6).  Finally, Plaintiff argues that between April 15 to September 29, 2015, "he was simply unable to file documents with the court's PACER system." (*Id.* 2:14–15).

   Although these arguments were not before Judge Ferenbach, they do not alter his conclusion that Plaintiff is in contempt of court. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 955 (9th Cir. 2014) ("A party's good faith reliance on the advice of counsel does not excuse the violation of a court's order."); *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993) ("[Defendant], as the sanctioned party, had the burden to produce probative evidence of his inability to pay the sanctions.").  Moreover, Plaintiff has had the opportunity to cure his contempt since September 15, 2015, when the R&R was entered, but has failed to do so.  Therefore, upon reviewing the matters underlying the R&R de novo, the Court agrees with Judge Ferenbach's finding that Plaintiff's continued refusal to comply with the Court's orders by failing to produce documents and reasserting objections previously overruled "constitutes contempt of court." (R&R 3:9–10).  Thus, the Court will adopt Judge Ferenbach's R&R.

/ / /

1    **IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 48) is
2    **ACCEPTED and ADOPTED**.

3    **IT IS FURTHER ORDERED** that Cadle Company's Motion to Find Larry Bortles in
4    Contempt of Court (ECF No. 44) is **GRANTED**.

5    **IT IS FURTHER ORDERED** that Plaintiff must comply with the Court's Order of
6    April 15, 2015 (ECF No. 36).

7    **IT IS FURTHER ORDERED** that Plaintiff shall reimburse Cadle Company the sum of
8    $2,786.50 as its expenses, including attorneys' fees, incurred to identify and present to the
9    Court evidence of Plaintiff's violation of the Court's orders.

10   **IT IS FURTHER ORDERED** that a bench warrant shall be issued against Plaintiff to
11   compel his compliance with this Order and shall remain outstanding for so long as Plaintiff
12   does not fully cure his contempt.

15   **DATED** this __2__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court